# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CARLOS FERNANDO CAICEDO-ORTIZ,**

    **Petitioner,**

v.                                                  **Civil Action No.: 3:23-CV-9 (GROH)**

**WARDEN R. BROWN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On January 19, 2023, Petitioner Carlos Fernandez Caicedo-Ortiz, an inmate incarcerated at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, claiming that officials at the Federal Bureau of Prisons (BOP) have unlawfully computed his sentence and failed to give him appropriate sentence credit. ECF No. 1 at 1, 5.[1] Petitioner paid the filing fee on February 7, 2023. ECF No. 5.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-9, unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Conviction and Sentence[2]

On November 7, 2019, an indictment was returned in the Middle District of Florida, which charged Petitioner and several co-defendants with drug trafficking offenses. ECF No. 1. On February 18, 2020, pursuant to a written plea agreement dated and filed with the Clerk on January 30, 2020, Petitioner entered a plea of guilty to Count One of the indictment which charged him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). ECF Nos. 42, 47, 51. On June 18, 2020,[3] Petitioner was sentenced to 148 months of incarceration. ECF No. 119. At sentencing, Count 2 of the indictment was dismissed in accordance with the plea agreement. Id.

### B.  Direct Appeal

A review of the docket and PACER shows that Petitioner did not file a direct appeal, consistent with paragraph 8 of his plea agreement. See ECF No. 42 at 5, ¶ 8.

### C.  Motions to Vacate Pursuant to 28 U.S.C. § 2255

A review of the docket and PACER shows that Petitioner did not file a collateral attack, consistent with paragraph 8 of his plea agreement. See ECF No. 42 at 5, ¶ 8.

---

[2] The facts are taken from Petitioner's criminal conviction in the Middle District of Florida, in case number 8:19-CR-537, available on PACER. Unless otherwise noted, the ECF entries in sections II.A., II.B., and II.C. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The Judgment is dated June 18, 2020, however, the judgment was not filed with the Clerk until June 19, 2020. ECF No. 119 at 1.

### D.      Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on January 19, 2023, wherein he claims that the Bureau of Prisons (BOP) has "unlawfully computed" his sentence, and has failed to give him "appropriate sentence credit". ECF No. 1 at 5. Petitioner asserted that he had "exhausted administrative remedies". Id. at 5. Among the attachments to his petition are copies of the following:

(1)  "Exhibit A" [ECF No. 1-1];

(2) "First Step Act (FSA) FAQs" [ECF No. 1-2];

(3) "Public Law 115-391" dated December 21, 2018 [ECF No. 1-3]; and

(4) TRULINCS email communication dated October 13, 2022, addressed from Petitioner to his case manager [ECF No. 1-4].

As relief, Petitioner asks the Court to order, "all appropriate sentence [credit] under CARES, FSA, and any other statutory provisions." ECF No. 1 at 6.

Respondent filed a motion to dismiss, or in the alternative, motion for summary judgment, and memorandum in support thereof on February 24, 2023, along with two exhibits. ECF Nos. 9, 10, 10-1, 10-2. In the memorandum, Respondent argues that Petitioner failed to exhaust his administrative remedies prior to filing the instant action. ECF No. 10 at 8. Respondent contends that if:

> Petitioner properly availed himself of the administrative remedy process, at the very least there would be a factual record to aid the Court. . . [including] whether Petitioner is eligible to earn time credits based on his current offense, whether the courses he has taken and the work he has performed were assigned for purposes of the FSA, whether the courses and work qualify for time credits, whether his discipline history would reduce the number of credits, [and] how his risk recidivism level was calculated.

Id. at 8 – 9. However, Respondent contends that a review of Petitioner's administrative remedy history reveals that he has filed no administrative remedies while incarcerated with the BOP, and attaches as an exhibit the declaration of Destiny Spearen, a paralegal at the Beckley Consolidated Legal Center, which confirms that statement. ECF Nos. 10 at 9; 10-1 at 1, ¶ 6.

Further, Respondent argues that even if Petitioner had exhausted his administrative remedies, his claims are not ripe for disposition. Id. Respondent asserts that under the First Step Act, the BOP is directed to apply credits for a person who has earned them "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." Id. at 10. Because Petitioner's release date is June 7, 2029, and the maximum allowable credit towards early release from custody is 365 days, even if were entitled to that time credit, it would not result in his immediate release. Id. at 11.

On March 16, 2023, Petitioner filed a response, wherein he contends that: (1) he exhausted his administrative remedies; (2) the BOP "continues to ignore the clear [statutory]language relating to sentence credit"; and (3) he seeks relief that is appropriate for action by this court. ECF No. 13. Attached to Petitioner's response are the following exhibits:

(1) TRULINCS message dated October 13, 2022, from Petitioner to his case manager regarding his release date [ECF No. 13-1 at 1];

(2) TRULINCS message dated January 23, 2023, from Petitioner to his case manager regarding a "request for information and status on treaty transfer request" [Id. at 2]; and

(3) a duplicate copy of the TRULINCS message dated January 23, 2023, from

Petitioner to his case manager [Id. at 3].

On March 20, 2023, Respondent filed a reply which relies upon the facts and arguments previously asserted. ECF No. 14

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or

5

>of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Exhaustion of Administrative Remedies

The Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.,[5] addresses the Bureau's Administrative Remedy Program, and directs inmates on the processes necessary to exhaust their administrative remedies by filing four mandatory[6] remedies: (1) an informal resolution (BP-8)[7]; (2) an administrative remedy at the facility

---

malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[5] See https://www.bop.gov/policy/progstat/1330_018.pdf.

[6] Inmates who are incarcerated in Community Corrections Centers (CCCs) are not required to attempt informal resolution. BOP PS 1330.18 § 542.13.b.

[7] Many BOP institutional handbooks refer to the Informal Resolution Form as the BP-8 form. See:

(BP-9); (3) an appeal to the regional office (BP-10); and (4) a final appeal to the central office (BP-11). Failure to complete all four mandatory remedies is fatal to a claim based on the inmate's failure to exhaust administrative remedies.

The Fourth Circuit recognizes the process that inmates must follow to exhaust administrative remedies:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15 (2009). First, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP–9 form. The BP–8 and BP–9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP–10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP–11 form. *Id.*

Hill v. Haynes, 380 F. App'x 268, 269, n.1 (4th Cir. 2010).

### E.  Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the

---

1. FCI Waseca https://www.bop.gov/locations/institutions/was/was_ao_handbook_eng_031517.pdf;
2. FCI Oxford https://www.bop.gov/locations/institutions/oxf/OXF_aohandbook.pdf;
3. FPC Schuylkill https://www.bop.gov/locations/institutions/sch/SCH_camp_aohandbook.pdf;
4. USMC Springfield https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf;
5. USP Lewisburg https://www.bop.gov/locations/institutions/lew/LEW_smu_aohandbook.pdf;
6. FDC Tallahassee https://www.bop.gov/locations/institutions/tal/TAL_fdc_aohandbook.pdf;
7. FCI Fort Dix https://www.bop.gov/locations/institutions/ftd/FTD_aohandbook.pdf; and
8. USP/SCP McCreary https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf.

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true

8

a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### F. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Pursuant to McClung, failure to exhaust may only be excused upon a showing of

cause and prejudice. Petitioner claims that he has exhausted his remedies, and provided copies of TRULINCS emails messages to his case manager which he contends demonstrate his exhaustion. ECF No. 13. However, the Respondent argues that the Bureau of Prisons has no record in its three-tiered administrative remedy process of Petitioner exhausting an administrative remedy on this matter. ECF Nos. 10 at 8 – 9, 10-1 at 1.

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

Petitioner's reply argues that he exhausted his available administrative remedies. However, the exhibits he submitted do not support that contention. Although Petitioner appears to have sent TRULINCS emails seeking information about his sentence credits [ECF Nos 1-4, 13-1], he fails to demonstrate that he ever filed a BP-8, the initial step to

comply with Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq., regarding the exhaustion of administrative remedies. ECF No. 13, ¶ 1. Attached to his Reply [ECF No. 13], Petitioner attaches two TRULINCS messages to his case manager seeking "Request for Information and Status on Treaty Transfer Request." ECF No. 13-1 at 2 – 3. Even if these messages relate to Petitioner's request for sentence computation and credit, both are dated January 23, 2023, four (4) days after Petitioner filed this § 2241 petition on January 19, 2023. Id. However, the affidavit attached to Respondent's response provides that the BOP has no record of any filing of a BP-8 (or a BP-9, BP-10, or BP-11) by Petitioner in order to exhaust the administrative remedy requirement. ECF Nos. 10-1 at 1; 10-2 at 7.

Although Petitioner contends that he exhausted his administrative remedies [ECF Nos 1, 13] concerning his contention that the BOP refused to properly calculate his sentence or give him credit as required under the First Step Act, a review of the parties' exhibits is dispositive. ECF Nos. 1-4; 10-1 at 1; 10-2, 10-7 at 7; 13-1. These exhibits show that Petitioner never requested a recalculation of sentence as part of the Bureau of Prisons' administrative remedy system by filing a BP-8, BP-9, BP-10, or BP-11 form with the appropriate authority at FCI Gilmer, as is required by Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.

It is clear that Petitioner has failed to exhaust all administrative remedies available to address his sentence calculation and appropriate credits. Although such a failure to exhaust may be excused for cause and prejudice, Petitioner has not alleged or demonstrated either. Neither the petition nor the response allege that Petitioner was denied access to the forms necessary to file his administrative remedies, or that staff

failed or refused to submit those forms once prepared by Petitioner, or any other basis on which he was deprived of the opportunity to submit administrative remedy forms. Accordingly, the undersigned finds that no cause or prejudice exists to excuse Petitioner's failure to exhaust. Although Plaintiff claims he submitted requests to staff related to a recalculation of his sentence, those requests to staff via TRULINCS are not a sufficient substitute for filing BP-8, BP-9, BP-10, and BP-11 administrative remedy forms which are required to exhaust pursuant to 28 C.F.R. § 542.13–.15, and BOP Program Statement 1330.18 § 542.10 et seq.

Because Petitioner failed to exhaust his administrative remedies prior to filing this action, it is clear that this court is without jurisdiction to consider the merits of his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

B.   Petitioner's Claim is Premature

Even if Petitioner had exhausted his administrative remedies prior to filing the instant action, he is still not entitled to relief because his claim is premature. Petitioner contends that based on his earned time credits, under CARES and the First Step Act, his sentence calculation is incorrect. ECF Nos. 1, 1-1 through 1-4. Petitioner further asserts that he is entitled to earn FSA credits because he is not subject to an order of deportation. ECF Nos. 1 at 5,  1-1, 1-4, 13-1.

Respondent counters that Petitioner is not entitled to relief, because his claim for First Step Act time credit is premature. ECF No. 10 at 9 – 12. In his Response,

Petitioner does not contest that his claim is premature. ECF No. 13.

The United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement. United States v. Wilson, 503 U.S. 329, 333 (1992). See Barber v. Thomas, 560 U.S. 474 (2010); United States v. Jackson, 952 F.3d 492, 498 (4th Cir. 2020) ("BOP has created extensive regulations concerning its duty to calculate sentences"). Petitioner seeks all appropriate sentence credit under CARES, the First Step Act, and "any other statutory provisions". Respondent provided as an exhibit the "Public Information Inmate Data" sheet for Petitioner, which shows that as of February 21, 2023, the BOP has calculated Petitioner's sentence, including all credit towards Petitioner's sentence which he is entitled. ECF No. 10-2 at 3 – 5. Respondent further argues that even with the sentence credits reflected on Petitioner's Public Information Inmate Data sheet, his projected release date is June 22, 2029, and that any request for recalculation of sentence is premature. Id. at 4.

Accordingly, the undersigned finds that even if Petitioner had not failed to exhaust his administrative remedies, Petitioner does not contest that his claim is premature, and accordingly, he is not entitled to relief.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE** because Petitioner failed to exhaust his administrative remedies prior to filing this petition under § 2241.

It is further **RECOMMENDED** that Respondent's motion to dismiss, or in the alternative, for summary judgment [ECF No. 9] be **GRANTED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** May 16, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE